IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

VICTORIA M.,

                  Plaintiff,

          v.                            Civil Action No.
                                        6:23-cv-763 (DEP)

COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OFFICE OF PETER W. ANTONOWICZ    PETER W. ANTONOWICZ, ESQ.
OF MID-NEW YORK, INC.
221 South Warren Street, Suite 310
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.         GEOFFREY M. PETERS, ESQ. and
OFFICE OF GENERAL COUNSEL    JASON P. PECK, ESQ.
6401 Security Boulevard
Baltimore, MD 21235

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

     Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are cross-motions for judgment on the

pleadings.[1]  Oral argument was heard in connection with those motions on

August 29, 2024, during a telephone conference conducted on the record.

At the close of argument, I issued a bench decision in which, after

applying the requisite deferential review standard, I found that the

Commissioner's determination resulted from the application of proper legal

principles and is supported by substantial evidence, providing further detail

regarding my reasoning and addressing the specific issues raised by the

plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, which has been transcribed, is attached to this order, and is

incorporated herein by reference, it is hereby

ORDERED, as follows:

1)     Defendant's motion for judgment on the pleadings is

GRANTED.

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2)    The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)    The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated:      September 5, 2024
            Syracuse, NY

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

VICTORIA MEECHAN,

                               Plaintiff,

                    -v-    23-cv-763

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.

**************************************************


                TRANSCRIPT OF TELEPHONIC PROCEEDING
             BEFORE THE HONORABLE DAVID E. PEEBLES
                    August 29, 2024
               445 Broadway, Albany, New York


FOR THE PLAINTIFF:

PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, New York  13440


FOR THE DEFENDANT:

JASON P. PECK, ESQ.
6401 Security Boulevard
Baltimore, Maryland   21235

1          THE COURT:  Thank you.

2          Plaintiff has commenced this proceeding

3    pursuant to 42 United States Code, Sections 405(g) and

4    1383(c)(3) to challenge an adverse determination by the

5    Commissioner of Social Security finding that she was not

6    disabled at the relevant times and therefore ineligible

7    for the benefits for which she applied.

8          The background is as follows:  Plaintiff was

9    born in June of 1972.  She is currently 52 years of age.

10   She was 48 years old at the time of her application for

11   benefits on October 21, 2020.  Plaintiff lives in Utica,

12   New York, in an apartment.  She has custody of a

13   daughter, although it's questionable whether she still

14   does.  At page 733, she states she lives alone; that's

15   at page 50.

16          There is also indication she may be engaged.

17   I don't know what her current status is.  Plaintiff is

18   five-foot three inches in, height, weighs 155 pounds.

19   She is a high school graduate and attended regular

20   classes while in school.  She also attended nursing

21   school for some eight months.  Plaintiff has a driver's

22   license, and which was suspended at one point; that's at

23   727.  She's right handed.

24          Plaintiff stopped working in May of 2019.

25   While working, she held various jobs, including as a

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    home care nurse and a sales associate and worked in a

2    position, at page 284, that the vocational expert

3    characterized as administrative assistant.  She worked

4    there for 15 years in that one position with various

5    duties.

6              Physically, she suffers from epilepsy or a

7    seizure disorder, history of strokes, status post

8    cerebral infarction and post transient cerebral ischemic

9    attack.  She has hereditary and idiopathic neuropathy.

10   She has bilateral trochanteric bursitis, a history of

11   hepatitis C, hypertension, asthma, emphysema, and

12   history of cancer.  She's had several hospitalizations

13   and surgeries.

14             Mentally, plaintiff suffers from variously

15   described disorders, bipolar disorder, general anxiety

16   disorder, major depressive disorder; however, she's had

17   no psychiatric hospitalization.  She does receive

18   outpatient mental health treatment.

19             Her activities of daily living include

20   attending to her personal needs, cooking, doing general

21   cleaning, laundry.  She shops once a week with the

22   assistance of her fiance.  She watches television,

23   listens to the radio, she does participate in social

24   media, she socializes with friends, dines out.  She can

25   manage money, and she can take public transportation.

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1          Plaintiff was previously addicted to opiates,

2     opoid, opiates, and has had several bouts of drug

3     treatment.  She's last used, according to her, in July

4     of 2020; that's at 725 of the administrative transcript.

5          Procedurally, plaintiff applied for Title 16

6     benefits on October 21, 2020, alleging an onset date of

7     May 28, 2019.  At page 283, she claimed disability based

8     on seizures, multiple strokes, brain damage,

9     concentration loss, mobility issues and nerve damage.  A

10     hearing was conducted by Administrative Law Judge Bruce

11     Fein on April 19, 2022.  ALJ Fein issued an unfavorable

12     decision on May 13, 2022, that became a final

13     determination of the agency on May 3, 2023, under Social

14     Security Administration Appeals Council denied

15     plaintiff's application for review.

16          This action was commenced on June 23, 2023,

17     and is timely.  In his decision, ALJ Fein applied the

18     five-step sequential test for determining disability.

19     Step one, he concluded plaintiff did not engage in

20     substantial gainful activities since the date of her

21     employment in her application.

22          At step two, he found that she suffers from

23     several severe impairments.  I won't list them because

24     it's not relevant to the two arguments being raised,

25     rejecting certain other claimed impairments as being not

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1  medically determinable or not severe.

2        At step three, plaintiff was found not to meet

3  or equal the listed presumptively disabling condition

4  set forth in the commissioner's regulations.  The ALJ

5  considered listing 1.18, 11.02, 12.04 and 12.06.

6        After reviewing the evidence, ALJ Fein

7  concluded that notwithstanding her impairments,

8  plaintiff retains the residual function capacity to

9  perform sedentary work with the exception of some

10  posture limitation, including, as plaintiff argued, the

11  need to alternate sitting/standing positions at

12  30-minute intervals throughout the day.

13        She should avoid concentrated exposure to

14  unprotected heights, hazardous machinery, and

15  operational control of moving machinery.

16        From a mental health perspective, her work is

17  limited to simple routine and repetitive tasks with only

18  occasional interaction with coworkers, supervisors and

19  the public.

20        The claimant can work in a low stress job

21  defined as only occasional decision making, changes in

22  the work setting, and judgment required on the job.

23        At step four, applying this RFC finding, ALJ

24  Fein concluded that plaintiff is incapable of performing

25  her past relevant work and proceeded to step five.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1          ALJ is -- as we will discuss, Fein noted that
2     a potential borderline situation was -- is presented
3     under the medical-vocational guidelines, which I will
4     refer to as the grids, based on the fact that plaintiff
5     was closely -- at the time of his decision, approaching
6     advanced age.  The administrative law judge, however,
7     went on and with the benefit of the testimony from a
8     vocational expert, concluded based on a hypothetical
9     that was presented to vocational expert, that mirrored
10    the RFC finding that plaintiff is capable of performing
11    available work in the national economy, including, as a
12    representative position, hand packer, production worker
13    and production inspector and therefore was not disabled
14    at relevant times.
15          As to quote, as the parties know, the Court's
16    function in this case is extremely limited to
17    determining whether correct legal principles were
18    applied in this case, and the resulting determination is
19    supported by substantial evidence defined as such
20    relevant evidence as a reasonable mind would find
21    sufficient to support a fact.
22          The Second Circuit has spoken on several
23    occasions concerning the standard to be applied is
24    initially or most notably in *Brault versus Social*
25    *Security Administration Commissioner*, 683 Fd 3d. 443,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1  Second Circuit 2012, noting that it is an extremely

2  deferential standard and specifically noting that once a

3  finding of fact was made by an administrator law judge,

4  that fact can be rejected only if -- if a reasonable

5  fact finder would have to conclude otherwise.

6          The standard is more recently reiterated in

7  *Schillo v Kijakazi,* 31 F.4th 64 from the Second Circuit,

8  2022.

9          In this case, plaintiff has raised two

10  arguments.  First, she alleges error in the

11  administrative law judge not -- I'm sorry -- the

12  commissioner not considering two statements that were

13  submitted after the administrative law judge's decision

14  and, secondly, she alleges error in the mechanical

15  application of the H category set forth in the grids,

16  given the fact that she was in close proximity to age 50

17  at the time of the decision.

18          The new evidence at issue includes statements

19  made by plaintiff's mother, Valerie Andrews, it's dated

20  April 18, 2022, and describes plaintiff generally --

21  appears at page 42 to 43 of the record, describes

22  plaintiff generally as anxious, fearful, depressed.  She

23  suffers from seizures and hallucinations and

24  disorientation which continue.

25          The second is from Dawn Schneider, who is

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1  described as a friend, that is dated May 15th, 2022.  It

2  appears at 38 to 41 of the administrative transcript.

3          Once again, it describes plaintiff's seizures,

4  the fact that she experiences major depressive disorder,

5  bipolar disorder, general anxiety disorder, suffers from

6  panic attacks, memory loss, and nerve damages.

7          The record reflects that these statements were

8  received by the agency in July of 2022 after the date of

9  the administrative law judge's decision; that's at

10 page 41.

11         The law is fairly clear when it comes to the

12 consideration of after acquired or, in this case,

13 submitted evidence.  The regulations expressly authorize

14 a claimant to submit new and material evidence to the

15 appeals council when requesting review of an ALJ's

16 decision; 20 CFR Section 404.970(b) and 416.1470(b).

17 *Perez v Chater*, 77 F.3d 41 at 43; Second Circuit, 1996.

18         To merit review of an administrative law

19 judge's decision based on the new evidence, it must be

20 new, material, and related to the period on or before

21 the date of the hearing decision and must also present a

22 reasonable probability that such evidence would change

23 the outcome of the decision; 20 CFR Section 416.1570(a)(5).

24         In this case, the plaintiff, and I think

25 understands the error in this regard, has relied heavily

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1    upon two cases that are not applicable.  *Collins v*
2    *Commissioner of Social Security*, 2020 Westlaw 6488744
3    from the Western District of New York, November 4th,
4    2020, and *Lopez v Secretary of the Department of Health*
5    *and Human Services*, 728 F.2d 148 from the Second
6    Circuit, February 16, 1984.  Both of those cases involve
7    testimony that was proffered to and rejected by the
8    administrative law judge.
9             In this case, the materials were received by
10   the agency after the decision.  In its denial of review,
11   the Social Security Administration Appeals Council, at
12   page 2 of the administrative transcript, stated the
13   following:  You submitted third-party late statements
14   from Dawn Schneider, dated May 15, 2022, and Valerie
15   Andrews, dated April 18, 2022.  We find this evidence
16   does not show a reasonable probability that it would
17   change the outcome of the decision.  We did not exhibit
18   this evidence.
19            As I indicated before, one of the touchstones
20   of a new evidence analysis is whether there is a
21   reasonable probability that the new evidence would
22   change the outcome and of course its burden, plaintiff's
23   burden to show that; *Karen R. v Berryhill*, 2019 Westlaw
24   1284250, Northern District of New York, March 20, 2019.
25            In this case, the plaintiff did not explain

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

1    how the statements would undermine the decision.   I

2    think she concedes that they are not inconsistent with

3    the two statements, third-party statements that were

4    before the administrative law judge, the administrative

5    law judge specifically addressed the two statements that

6    were before him at the -- at the time, and that's at

7    page 24 of the administrative transcript, finding that

8    he was not persuaded by third-party statements from the

9    claimant's fiance and the claimant's sister, stating

10   that they were not entirely consistent with the mental

11   status examinations in the record and physical

12   examinations documenting full strength, intact sensation

13   and normal gait.

14          I understand plaintiff's argument.

15   Plaintiff's argument here is that four statements are

16   more forceful than two, but I think this is a case

17   similar to *Tyler Age versus Commissioner of Social*

18   *Security*.  The report and recommendation is -- appears

19   at 2023 Westlaw 2838051, Northern District of New York,

20   January 30th, 2023.  Judge Dancks' report-recommendation

21   was adopted at 2023 Westlaw 2643503, Northern District

22   of New York, March 27, 2023.

23          Judge Dancks, in her report and

24   recommendations, noted correctly that the issue before

25   the Court is whether the new evidence altered the weight

pg14

1    of the evidence before the ALJ so dramatically as to

2    require the appeals council to take the case and went on

3    to note that, like in this case, while plaintiff

4    believes that his mother's and sister's personal

5    observations would merit a change in the outcome, he

6    fails to explain how that is.  I believe that the --

7    there was no error in the appeals counsel's review or

8    failure to review based on the new evidence and applying

9    the -- the standard that the commissioner argues, I find

10   no reasonable probability that the two additional

11   statements would have altered the outcome.

12          The administrative law judge was clearly aware

13   of plaintiff's seizures, depression and anxiety, and I

14   note, interestingly, that plaintiff testified that her

15   seizures were not currently causing any limitations on

16   working; that's at page 66.  So I find no error in the

17   failure to consider the new evidence and, moreover, find

18   that it would not alter the outcome.

19          The second argument is also very interesting.

20   It relies on whether the administrative law judge should

21   have applied the medical vocational guidelines or grids

22   and should have advanced her from a category of a

23   younger individual to one closely approaching advanced

24   age.

25          First of all, it's well established that the

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1    commissioner can rely on the grids, I'm sorry, the --

2    can rely on the testimony of a vocational expert to

3    testify -- to carry the commissioner's burden at step

4    five, *Sisson v Colvin*, 2015 Westlaw 4878108,

5    Northern District of New York, August 12th, 2015.  Also

6    *Rosa v Callahan*, 168 F.3d d 72, Second Circuit, 1999.

7             In this case, the commissioner did rely on the

8    testimony of a vocational expert to find that plaintiff

9    was not disabled and specifically that she was capable

10   of performing available work in the national economy.

11            The plaintiff argues that this borderline case

12   and the -- the administrative law judge should have

13   advanced her age and applied medical vocational

14   guidelines Rule 201.14, which would have directed a

15   finding of disabled.  The grids define a person under

16   the grids, I should say, plaintiff falls in the category

17   of a younger individual, 20 CFR Section 416.963, and

18   that would be subsection C.

19            That regulation also provides the following:

20   We will not apply the age category mechanically in a

21   borderline situation.  If you are within a few days to a

22   few months of reaching an older age category and using

23   the older age category would result in a determination

24   or decision that you are disabled, we will consider

25   whether to use the older age category after evaluating

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1    the overall impact of all factors in your case.  That's

2    at 20 CFR Section 416.963(b).

3            The grids take into account, among other

4    things, a claimant's age, education, and work

5    experience.  In this case, the administrative law judge

6    acknowledged the borderline situation, and at page 27 of

7    the administrative transcript but opted not to advance

8    plaintiff's age under the grids, stating the following:

9    The vocational expert, the fact that the vocational

10   factors in this case related to claimant's education,

11   past work and residual functional capacity do not have

12   an adverse impact beyond that already accounted for by

13   the appropriate medical vocational rule.

14           I agree that this is a borderline case under

15   Second Circuit law.  It appears that the Second Circuit

16   recognizes anything up to six months as presenting a

17   borderline case *Jodi L. v the Commissioner of Social*

18   *Security*, 2022 Westlaw 1541461, Northern District of

19   New York, May 16, 2022.

20           But the grids have already weighed the

21   relevant factors and plaintiff was able to -- unable to

22   articulate precisely what additional vocational

23   adversities beyond those already weighed by the grids

24   would have applied in this case.  Rule 201.14 and 201.21

25   weigh the same factors.

                    Lisa L. Tennyson, CSR, RMR, FCRR
                    UNITED STATES DISTRICT COURT - NDNY

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1    The decision of whether to advance in a

2   borderline situation a claimant to a higher age category

3   is within the discretion of the Administrative Law Judge

4   Konwicki, the *Berryhill,* 2019 Westlaw 3162090, Western

5   District of New York from July 16, 2029.  I am unable

6   to conclude that that abuse was -- that discretion was

7   abused and that a reasonable fact finder would have to

8   agree with the plaintiff.

9    I also note, I'm not sure I understand

10  plaintiff's argument.  There's one argument that was

11  made that because there is a sit/stand option included

12  in the RFC, the -- there's an additional adversity.  In

13  my view, if anything, that means that the grids do not

14  apply in this case because there is a -- or potentially

15  does not because there is a limitation that is not

16  accounted for under the grids and, in fact, the answer

17  is that you then elicit testimony of a vocational expert

18  with a hypothetical that tracks an RFC precisely, and in

19  this case, that is exactly what was done.

20   As I indicated before, under *Sisson* and *Rosa*,

21  the commissioner is certainly entitled to rely on the

22  testimony of a vocational expert to carry his burden of

23  proof at step five and that was done in this case.  So I

24  find no error with regard to the step five

25  determination.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

1          I conclude that plaintiff's arguments lack

2   merit and that the resulting determination in this case

3   is supported by substantial evidence and resulted from

4   the application of proper legal principles, and I will

5   therefore grant judgment on the pleadings to the

6   defendant.

7          Let me thank counsel for interesting arguments

8   and presenting some issues that I don't see every day.

9   I hope you have a good rest of your summer.  Thank you.

10          (Proceeding concluded.)

11          * * * * * * * * * *

12

13

14

15

16

17

18

19

20

21

22

23

24

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

MEEHAN v COMM. OF SOCIAL SECURITY - 23-cv-763

C E R T I F I C A T I O N

I, Lisa L. Tennyson, RMR, CSR, FCRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____/s/ Lisa L. Tennyson_____

Lisa L. Tennyson, RMR, RPR, FCRR

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY